JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Washbot, LLC

## DEFENDANTS
Robolabs, Inc.

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Palm Beach
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Francis X. Taney, Jr., Taney Legal LLC, 110 Simi Court, Cherry Hill, NJ 08003; (215) 514-8736

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Claims for breach of contract, unjust enrichment and negligent misrepresentation arising from design contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 107,680.65

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/21/2017

SIGNATURE OF ATTORNEY OF RECORD

APR 24 2017

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



# UNITED STATES DISTRICT COURT

17  2072

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1244 Surrey Road, West Chester, PA 19382

Address of Defendant: 751 Park of Commerce Drive, Suite 128

Place of Accident, Incident or Transaction: West Chester, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
              Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/27/17    DocuSigned by: /s/ C06DA423E50840E    76590
                 Attorney-at-Law    Attorney I.D.#

APR 24 2017

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Washbot LLC : CIVIL ACTION
  v. :
Robolabs, Inc. : NO. 17 2072

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 04/21/17 | Francis X. Taney, Jr. | Washbot LLC |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 514-8736 | (856) 494-1364 | frank.taney@taneylegal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR 24 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WASHBOT, LLC<br>1244 Surrey Road<br>West Chester, PA 19382,<br><br>    Plaintiff,<br><br>v.<br><br>ROBOLABS, INC.<br>751 Park of Commerce Drive, Suite 128<br>Boca Raton, FL 33487,<br><br>    Defendant. | Civil Action No. 17  2072<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Washbot, LLC ("Washbot"), by and through its undersigned attorneys, says the following by way of amended complaint against defendant Robolabs, Inc. ("Robolabs"):

### INTRODUCTION

1. Washbot retained Robolabs to perform engineering services to Washbot, consisting of producing a product design and a prototype for a robotic powerwashing apparatus. Washbot brings this action to recover its damages arising from Robolabs' failure to provide these services as promised.

### THE PARTIES, VENUE AND JURISDICTION

2. Washbot is a limited liability company organized under the laws of the Commonwealth of Pennsylvania having its principal place of business at 1244 Surrey Road, Westchester, Pennsylvania, 19382.

3. On information and belief, Robolabs is a corporation organized under the law of the State of Florida having its principal place of business at 751 Park of Commerce Drive, Suite 128, Boca Raton, Florida 33487.

4. This Court has subject matter jurisdiction over this matter 28 U.S.C. § 1332, in that this case involves a dispute between corporations that are citizens of different states, and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

5. The Court has personal jurisdiction over Robolabs, and venue is proper in this district, because a substantial portion of the acts and omissions giving rise to the claim arose within this district, and because Robolabs purposefully availed itself of Pennsylvania to do business with Washbot and established significant contacts with Pennsylvania in this district.

### FACTS

6. Washbot is in the business of commercializing a robotic power washing apparatus capable of powerwashing houses and other structures, known as the Washbot.

7. Robolabs, d/b/a Letsky Innovations ("LI"), holds itself out as a product design firm with "expert product design engineers."

8. In or about April, 2015, Washbot and Letsky began discussing the potential costs associated with LI providing Washbot with a design for the Washbot, based on a conceptual sketch Washbot provided to LI.

9. In connection with these discussions, Washbot's principal, Ryan Estrada, told LI's principal, Michael Letsky, that Washbot was a start-up company with limited funds and that it was important to keep costs contained to the budget.

10. Mr. Letsky provided a cost estimate dated May 12, 2015 to Mr. Estrada stating that LI could complete the design of the entire apparatus for $45,000, and deliver the completed prototype for no more than $85,000.

11. In reliance on this estimate, Mr. Estrada obtained SBA financing to fund this effort.

12. On or about March 17, 2016, Washbot and LI entered into Professional Services Agreement (the "Agreement") pursuant to which LI agreed to deliver a proof of concept prototype for a robotic power washing apparatus, for a cost not to exceed $85,000, to Washbot.

13. The Agreement provided that LI would not implement changes to the agreed scope of work without Washbot's prior approval.

14. The Agreement required LI to submit time sheets to Washbot for approval on a weekly basis.

15. The scope of work associated with the Agreement contemplated, among other things, a mechanical arm that utilized multiple end-effectors, specifically a 10" chainsaw attachment, and would have a reach of 35 feet.

16. Notwithstanding the contemplated work, LI advised Washbot that an arm with a 50 foot reach was appropriate and could also be produced physically within the project budget.

17. LI did not adhere to the budget in the Agreement. To the contrary, LI delivered an incomplete and inappropriate design for a cost of $80,680.65, and advised Washbot that a prototype based on this design would cost over $207,000 to build.

18. The design LI delivered is both over engineered in that it contemplates an arm capable of a 150 pound payload at a 50 foot reach, as well as incomplete because the arm is not capable of rotation on any joint around the "Y" axis. This design has no use to Washbot for the contemplated proof of concept prototype.

19. In the course of producing this design, LI failed to give Washbot project updates and proceeded with work far beyond the contemplated project scope without authorization. LI

also purported to invoice for items for which LI had previously agreed not to charge, as well as purported "late fees" unauthorized by the Agreement.

20. Washbot relied on LI's representations regarding LI's experience and ability to deliver the design and prototype within the agreed upon scope in entering into the Agreement. Washbot would never have entered into the Agreement had Washbot know that LI would so thoroughly ignore cost and practical considerations and would fail to deliver anything close to what the Agreement contemplated for the agreed upon cost.

21. LI's failure to deliver the agreed upon work product has caused Washbot significant damages. Apart from the $80,80.65 that Washbot paid LI in 2016, Washbot has suffered damages in terms of delayed progress toward Washbot's business plan, of which Washbot made LI aware, as well as interest and other charges paid to the SBA in connection with the loans Washbot entered into to fund this project, totaling in the aggregate $107,680.65.

## COUNT ONE – BREACH OF CONTRACT

22. Washbot hereby incorporates the allegations of paragraphs 1 through 21 by reference as though set forth fully herein.

23. The Agreement constitutes a binding contract between Washbot and Robolabs.

24. By its conduct, acts and omissions described above, Robolabs has materially breached the parties' contract.

25. As a consequence of Robolabs' breach, Washbot has suffered damages.

WHEREFORE, plaintiff Washbot, LLC demands judgment in its favor and against defendant Robolabs, Inc.

(a) Awarding compensatory damages in an amount to be proven at trial; and

(b) Awarding interest, costs of suit and such other and further relief as the Court may deem just.

## COUNT TWO – UNJUST ENRICHMENT

26. Washbot hereby incorporates the allegations of paragraphs 1 through 25 by reference as though set forth fully herein.

27. In the alternative to the cause of action alleged in Count One, by paying LI $80,680.85, Washbot conferred a benefit upon LI.

28. LI accepted the benefit Washbot conferred upon LI.

29. Under the circumstances, it would be inequitable for LI to retain the benefit Washbot conferred upon LI.

30. As a consequence of LI's inequitable retention of the benefit Washbot conferred upon LI, Washbot has suffered damages.

WHEREFORE, plaintiff Washbot, LLC demands judgment in its favor and against defendant Robolabs, Inc.

(a) Awarding compensatory damages in an amount to be proven at trial;

and

(b) Awarding interest, costs of suit and such other and further relief as the Court may deem just.

## COUNT THREE – NEGLIGENT MISREPRESENTATION

31. Washbot hereby incorporates the allegations of paragraphs 1 through 30 by reference as though set forth fully herein.

32. LI is in the business of providing information for the guidance of others in their business affairs.

33. In the course of conducting its business, LI provided false information to Washbot for Washbot's in connection with Washbot's business.

34. Washbot reasonably and justifiably relied upon the false information LI provided.

35. LI failed to exercise reasonable care in the provision of information to Washbot.

36. As a consequence of LI's provision of false information and failure to exercise reasonable care, Washbot has suffered damages.

WHEREFORE, plaintiff Washbot, LLC demands judgment in its favor and against defendant Robolabs, Inc.

(a) Awarding compensatory damages in an amount to be proven at trial;

and

(b) Awarding interest, costs of suit and such other and further relief as the Court may deem just.

Dated: April 21, 2017

Respectfully submitted,

Francis X. Taney, Jr.
(PA Atty ID No. 76590)
Taney Legal LLC
110 Simi Court
Cherry Hill, NJ 08003
Telephone: (215) 514-8736
Facsimile: (856) 494-1364
Email: frank.taney@taneylegal.com

Attorneys for plaintiff